IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVICTUS SPECIAL SITUATIONS MASTER I, L.P., <br><br> Plaintiff, <br><br> v. <br><br> INVICTUS GLOBAL MANAGEMENT, LLC, INVICTUS SPECIAL SITUATIONS I GP, LLC, CINDY CHEN DELANO, and AMIT PATEL, <br><br> Defendants. <br><br> INVICTUS GLOBAL MANAGEMENT, LLC, INVICTUS SPECIAL SITUATIONS I GP, LLC, CINDY CHEN DELANO, and AMIT PATEL, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> INVICTUS SPECIAL SITUATIONS MASTER I, L.P., <br><br> Counterclaim Defendant, <br><br> UNUMX, <br><br> Third-Party Defendant. | Civil Action No. 24-16-RGA |

MEMORANDUM

Before me is Plaintiff Invictus Special Situations Master I, L.P. (the "Fund" or "Plaintiff") and Third-Party Defendant UnumX's motion to remand (D.I. 8) and emergency motion for expedited proceedings (D.I. 10). I have considered the parties' briefing. (D.I. 9, 11, 18). For the reasons set forth below, I **GRANT** the motion to remand.

1

Plaintiff is a privately held investment fund. On October 30, 2023, Plaintiff filed suit in the Delaware Court of Chancery, alleging causes of action "that purported to describe a contractual partnership dispute that sought an accounting of the Fund, specific performance, a claim for the Fund's books and records, and other equitable relief." (D.I. 1 at 2–3). The Complaint did not reference ERISA. (*Id.* at 3).

Defendants filed an answer and counterclaims, seeking indemnification and advancement of fees under the parties' contract. (*Id.*). Plaintiff and UnumX subsequently filed their answer and affirmative defenses; they also filed a motion to compel responses to discovery requests. (D.I. 9 at 10). The Court of Chancery held a hearing on January 4, 2024, ruling that Defendants were required to supplement their interrogatory responses. (*Id.* at 11–12). The Court of Chancery also bifurcated the issues, scheduling a trial on the Fund's claims for books, records, and other information for January 11, 2024. (*Id.* at 12). On January 6, 2024, Defendants removed the case to this Court. (*See* D.I. 18 at 17). Plaintiff seeks to remand the case to the Court of Chancery. (D.I. 8).

Plaintiff argues the notice of removal is untimely because Defendants filed it more than 30 days after Plaintiff mentioned ERISA in answers to interrogatories. (D.I. 9 at 13). Plaintiff contends that the interrogatory responses, which were served on November 30, 2023, put Defendants on notice that Plaintiff was alleging as a fact that there were violations of fiduciary duties under ERISA. (*Id.* at 14–15). Plaintiff argues that Defendants were required to file their notice of removal by January 2, 2024, but failed to do so. (*Id.*)

Plaintiff also argues that remand is proper because none of the claims in the Complaint arise under ERISA or under any other federal law. (*Id.*). Plaintiff contends that ERISA "only arose in the Court of Chancery case . . . because Defendants chose to file an advancement

2

counterclaim." (*Id.* at 16). Plaintiff argues that neither Defendants' counterclaim nor Plaintiff's affirmative defenses to that counterclaim can form the basis for removal. (*Id.* at 18).

Defendants argue that the January 6 removal was timely. (D.I. 18 at 17). They contend that the interrogatory answers did not trigger the removal period because the answers "do not identify any ERISA claim." (*Id.* at 18). Defendants argue that the grounds for removal were not made clear until depositions and the preparation of the pretrial order. (*Id.* at 17). Defendants contend they filed the notice of removal within 30 days of those events. (*Id.*).

Defendants also argue that Plaintiff's claims are completely preempted, so removal was proper. (*Id.* at 12). Relying on the Supreme Court's reasoning in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), Defendants contend that the Complaint seeks relief that is "redressable under ERISA's civil enforcement provision because the claims relate strictly to alleged misconduct relating to the fiduciary services Defendants were providing to the Fund." (D.I. 18 at 12–14). Defendants contend they do not owe a legal duty independent of the existence of an ERISA plan. (*Id.* at 14–15).

In order for a case to be removable to this Court, the Court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 251 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "Under the well-pleaded complaint rule, a cause of action 'arises under' federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995). A federal defense does not confer subject matter jurisdiction. *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999).

3

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of demonstrating that the Court has jurisdiction to hear the case. *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). In determining whether remand based on improper removal is appropriate, the Court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Courts must construe the federal removal statutes strictly and resolve any doubts in favor of remand. *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979).

I agree with Plaintiff that the notice of removal is untimely. I think Plaintiff's responses to the interrogatories provided the "substantial degree of specificity" necessary to trigger the removal clock. *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236–37 (3d Cir. 2022). The response to interrogatory number 5, for instance, states:

> Defendants' execution of the Articles, through which they purported to grant Chen and Delano enhanced indemnification beyond that agreed to by the limited partners of the Fund under the Partnership Agreement, was an impermissible conflicted transaction for which LPAC consent was not obtained and is void as a matter of law under ERISA.

D.I. 9-9 at 15–17 of 51. I think the interrogatory responses were sufficient to put Defendants on notice of Plaintiff's allegations.

Even if the notice of removal were timely, however, remand is proper because Plaintiff's claims are not completely preempted under *Davila*. "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of

action is completely pre-empted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210. Unlike the scenario in *Davila*, however, I do not think that Defendants' potential liability exists only because of their administration of ERISA-regulated plans. *Id.* at 213. One count in the Complaint asserts that Defendants breached a management agreement that required them to turn over books, records, and other information. (*See* D.I. 9 at 15). Another count asserts a breach of contract claim and reformation of a partnership agreement. (*Id.*). The Complaint has eight counts in total. (*See* D.I. 9-3 at 33–49 of 53). Defendants' notice of removal is vague as to which counts they believe are preempted. (*See* D.I. 1 at 6 ("Plaintiff is asserting that the Defendants purportedly violated ERISA in connection with their former roles as alleged fiduciaries to the Fund. . . . ERISA therefore requires that these claims be litigated in federal court, and divests the Chancery Court of jurisdiction.")). Plaintiff's allegations relate to different duties than ERISA; the claims do not meet the preemption criteria of *Davila*. I therefore do not think that this Court has subject matter jurisdiction over the case. Removal was improper.

I thus **GRANT** Plaintiff's motion to remand. The motion to expedite is **DISMISSED** as moot. This case is remanded to the Delaware Court of Chancery for further proceedings.[1]

I will enter a separate order.

---

[1] To the extent that Plaintiff raises a claim under ERISA at a later point in time, the Court of Chancery would not have jurisdiction over such a cause of action. *See, e.g., Dailey v. Nat'l Hockey League*, 987 F.2d 172, 175 (3d Cir. 1993) ("ERISA . . . is subject to exclusive federal court jurisdiction . . . .").